JAMES JOHNSON *vs.* AMOS STAYTON.

Public roads. What is a *dedication*?
A private action will lie for the obstruction of a public road, with *special* damage.
What constitutes a *private* road.

ACTION of trespass for obstructing a public road, with special damage; and a count for obstructing a private road.

It was a very old road, and had been used by the public at pleasure, but chiefly by the owners of two or three farms, for seventy years or more, as a neighborhood or by-road passing through these farms, but always having gates across it, which were kept up by the land owners. A few years ago the State road from Staytonville to

Williamsville, was straightened and changed by act of assembly, and the road to which this neighborhood road led was vacated. It was proved in the case, also, that the defendant, who owned the land adjoining this old road, had moved his fence in it and blocked it up for about twelve feet, so that the plaintiff had to buy a right of way over adjoining land, to get out to the State road. The suit was for this obstruction.

The case was argued by *Mr. Layton*, for Johnson, and *Mr. Houston*, for Stayton.

Judge HARRINGTON charged the jury to the following effect:—

The complaint is—1. That defendant obstructed a *public* road. The roads are made for public convenience, and when one is established as a public road, any obstruction of it whatever is a nuisance, indictable as such; and if such obstruction causes special damage to a particular person, he may have his private action for the injury.

Public roads may exist by public authority or by private dedication. In the former case they are laid out by order of court, or by act of assembly, and are proved by the record; in the latter they may be proved by long usage and enjoyment, and by being kept up by the public. By the common law of England, and of this State, *twenty* years of uninterrupted use of a road by the public, was evidence of a dedication of the road by the land owners to the public. The reasonable inference in respect to such a road is, that if the owner of the land through which it runs will permit the public to use it without interruption or objection, for the space of twenty years, this is evidence of its dedication and gift to the public as a road. But any act of the land owner prohibiting or restricting the public from uninterrupted use, will prevent such an inference of dedication. The prohibition of one man on one occasion, or a notice that the owner does not mean to give up his land by this indulgence to the public, will prevent the road from becoming a public road by dedication. A gate or bar across the road is a standing notice to this effect; it prevents the legal inference that might otherwise be drawn. A gate on a public road is a nuisance; if put there after the road is opened as a public highway, it is an indictable offence; if put there by the owners of the land before it is a public highway, it will prevent such road from becoming a public road by dedication. Gates do not exist in this State across public roads; the few exceptions are by force of special acts of assembly. The description of a highway in the pleadings is a road through and along which the public ar

used to travel *without interruption;* and the existence of gates contradicts this description.

Cases have been cited to show that a public road may exist, with gates which have been kept across it time out of mind, and the inference is drawn of a limited or restricted dedication, saving to the owner the right to keep up gates. It has been said that there is no such thing as time out of legal memory in this country; in England it dates back beyond the period of its settlement; but supposing this to be so in reference to the roads laid out, or otherwise known to be public roads, the question whether a dedication can be presumed by long use of a road over private premises, where such road is constantly obstructed by gates, is still untouched. We think the barring up such a road by the land owner, who still permits others to go through his gates, contradicts the inference that he means to dedicate the road to the public; and that a public road cannot be established by such usage.

The Legislature has qualified the common law in this State respecting roads claimed to be such by dedication. So many neighborhood roads exist by the indulgence of land owners, that the common law was considered harsh in reference to forfeiting private land by indulgence, and the Legislature has required that such a road shall have not only been used, but maintained and kept up by the public for twenty years, to make it a public road against the owner of the land.

2. Then is the plaintiff entitled to recover as for an obstruction of his private road.

Private roads become such by being laid out under an order of court, as public roads are, or by purchase and grant. Long enjoyment and use are evidence of grant; and where a man owning a farm which is reached only by going over another's land, has enjoyed such a right of way for twenty years without interruption, it is evidence of a previous grant from which the right of way may be established. It is an easement connected with the land beyond it, and its connection with such land must be shown. It exists only on the idea that the owners of the land beyond have purchased the right; and the length of time during which they have enjoyed it, is used as evidence of the grant. In this respect the existence of gates will not weaken the force of such usage, for the easement of a right of way may exist with as well as without gates. The question for the jury then will be, whether the plaintiff has shown that he is entitled

to such an easement, as appurtenant to his farm, as a private right of way to the Staytonville road, and whether such right of way has been obstructed by the defendant. The Staytonville and Williamsville road was changed in its course, and straightened, by proceedings under an act of assembly passed Feb. 27, 1849, and the curve in the old road was by authority of that act, and the return of the commissioners, vacated and closed up. The Johnson road, over which plaintiff claims a right of way, was thus closed up, and from that time there is no such road as is described in the declaration leading from the plaintiff's premises to the public road from Staytonville to Williamsville. The return is dated Feb. 4, 1850, and supposing the defendant to have been guilty of any obstruction to the plaintiff's right of way, it must have been before that time. For such obstruction, the plaintiff can recover under the sixth count of his declaration, if the jury find the right of way in the plaintiff, and his damages to be assessed by the jury will be the special injury he has sustained thereby, in being obliged to go by longer and inconvenient modes to the public roads, and the expense of clearing out the portion of this road still left open.

Verdict for plaintiff, $25 00.

*Layton,* for plaintiff.
*Houston,* for defendant.